Present—TILGHMAN, C. J., and SMITH and BRACKENRIDGE, Justices.

## LYLE v. BAKER et al.

### *Removal of cause.*

Under the 20th section of the act of assembly of the 24th February 1806, an action may be removed from a court of common pleas to the supreme court, on or before the first day of the term, next after that to which the original writ is returnable.

THIS action was instituted in the Common Pleas of Philadelphia county, at September term 1806; and a *habeas corpus* was taken out by the defendants, on the 1st of December following, to remove it into the supreme court. *Todd,* for the plaintiff, alleged that the *habeas corpus* had issued too late, and moved for a *procedendo,* on the 20th section of the act of the 24th of February 1806 (P. L. 342) which provides, "that no action shall be removed from any of the courts of common pleas, to the supreme or circuit courts, by consent or otherwise, unless the same is removed on or before the first day of the next term, after the said action shall have been commenced."

After argument in a full court (but Judge YEATES being now absent, owing to indisposition), the Chief Justice, on the 17th of January 1807, delivered the following unanimous opinion.

TILGHMAN, C. J.—The case turns entirely upon the construction of the 20th section of the act, "to alter the judiciary system of this commonwealth." Where the intention of the legislature is clearly expressed, it must prevail, whatever may be the consequences. But in the endeavor to discover the legislative intention, we must so construe the law, as not to reject any of its *words : and if there appears to be a contradiction in [*434 the expressions, we must seek and pursue, upon the whole, the prevailing object and intent of the law. Viewing, then, all the parts of the section under consideration, I am of opinion, that an action may be removed to the supreme court, at any time before or on the first day of the term succeeding that to which the original writ is returned. The expression, "first day of the next term, after the action shall have been commenced," taken by itself, would certainly limit the removal to the first day of the first term: but other expressions (I mean, particularly, the words, "on or before") must also be considered : and they cannot be satisfied, if the right of removal is

373

restricted to the first day of the first term. It is impossible to remove an action, before the first day of the term to which the writ is returnable ; as the writ of removal is directed to the court in which the action is brought, and the court can have no knowledge of the action, until its session, at the term next succeeding its commencement.

On this view of the subject, we are of opinion, that the intention of the legislature cannot be carried into effect, without so construing the act, as to admit of the removal of an action, on or before the first day of the term next after that to which the original writ is returnable.

*Procedendo* refused.